

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-678

| | |
|---|---|
| CALVIN TATUM<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** September 16, 2015<br><br>APPEAL FROM THE MONROE COUNTY CIRCUIT COURT<br>[NO. CR-2012-82]<br><br>HONORABLE RICHARD L. PROCTOR, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BART F. VIRDEN, Judge

Appellant Calvin Tatum appeals from the Monroe County Circuit Court's order revoking his suspended imposition of sentence (SIS). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k), Tatum's attorney has filed a motion to be relieved as counsel on the basis that there is no merit to the appeal. The motion is accompanied by a brief containing an abstract and addendum of the proceedings below. The no-merit brief includes all objections and motions decided adversely to Tatum, and counsel explains in the argument portion of the brief why there is nothing in the record that would arguably support an appeal. The clerk of this court served Tatum with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal. Tatum filed pro se points, and the State filed a response thereto.

On October 23, 2012, Tatum pleaded guilty to second-degree battery, and the court

suspended imposition of his sentence for three years and ordered him to pay $400 in fines and court costs. The State filed a petition to revoke the SIS on August 20, 2013, alleging that Tatum had been arrested for, and charged with, sexual assault and rape and that he had failed to make any payments on his fine. Following a hearing, the trial court concluded that Tatum had violated at least one of the terms and conditions of his SIS and sentenced him to serve six years in prison.

The test for filing a no-merit brief is not whether there is any reversible error but whether an appeal would be wholly frivolous. *Pledger v. State*, 2015 Ark. App. 317. From our review of the record and the brief presented to us, and after having considered Tatum's pro se points for reversal, we agree with counsel that an appeal would be wholly without merit. Because we find compliance with Rule 4–3(k), we affirm the order of revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GLADWIN, C.J., and BROWN, J., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.